CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 16 2016

JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| REGINALD KEITH BALL, | CASE NO. 7:16CV00156 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| DYER, SUPERINTENDANT CVRJ, ET AL., | By: Glen E. Conrad<br>Chief United States District Judge |
| Defendant(s). | |

Reginald Keith Ball, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that a jail nurse provided him with an incorrect medication. Upon review of the complaint, the court finds that the action must be summarily dismissed.

## Background

Ball states that he is incarcerated as a pretrial detainee at the Central Virginia Regional Jail ("the jail") in Orange, Virginia. He alleges that during the evening pill pass around 9:00 p.m. on March 23, 2016, Christina Furrow, LPN, handed Ball a paper cup, supposedly containing his evening dose of the medication prescribed for his chronic headaches. Ball thought the crushed medication in the cup looked different in color than his medication usually appeared. He asked Furrow twice what the medication was, and both times she said it was the medication he took every night. Ball ingested most of the medication before he noticed a different taste and numbness to his tongue that he did not normally experience when taking his prescribed medicine. Thereafter, he filed a request form, stating that Furrow had given him the wrong medication and asking for a grievance form.

Within 15 or 20 minutes of taking the medication, Ball started "experiencing drainage and sever[e] chronic cough reaction." (Compl. 7, ECF No. 1.) Close to midnight, Ball filed an inmate request form seeking medical attention for a cough, tightness in his chest, and "itching all over." (Id.) Ball also alleges that he suffered nausea after taking the medication Furrow delivered to him on March 23, 2016.

Ball sues Furrow for negligence and for deliberate indifference to a serious medical need in violation of his constitutional rights. He also sues the jail authority and the jail superintendant, seeking monetary damages for his pain and suffering.

## Discussion

Under 28 U.S.C. § 1915A(b)(1), the court is required to review prisoner complaints for compliance with the basic rules of pleading, and during this review, must either identify a claim in the complaint on which relief may be granted or summarily dismiss the complaint. A viable complaint must allege "enough facts to state a claim to relief that is plausible on its face." Giarrantano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

A government official violates the constitutional rights of a pretrial detainee when she knows of but disregards a serious risk of harm to the detainee.[1] See Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 302 (4th Cir.2004) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "[T]o be liable under this standard, 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also

---

[1] Claims concerning confinement conditions imposed upon pretrial detainees are to be evaluated under the Due Process Clause, rather than under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535-538 (1979). Due process proscribes punishment of a detainee before proper adjudication of guilt has been accomplished. As a practical matter, however, the contours of the Due Process Clause in the prison context tend to be coextensive with the substantive constitutional principles courts have applied via the Eighth Amendment to convicted inmates. See Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992).

2

Case 7:16-cv-00156-GEC-RSB   Document 10   Filed 06/16/16   Page 2 of 4   Pageid#: 41

draw the inference.'" Id. (quoting Farmer, 511 U.S. at 837). "It is not enough that the officer[ ] should have recognized [a substantial risk of harm]; [she] actually must have perceived the risk." Id. Mere negligence or medical malpractice does not rise to a constitutional level. Estelle, 429 U.S. at 105-106.

Under this analysis, Ball's complaint does not state a constitutional claim against anyone. His allegations do not support a reasonable inference that Nurse Furrow knew the crushed medication in the cup was not Ball's prescribed medication or that she knew the medication posed a substantial risk of harm to Ball. At the most, Ball's complaint presents a claim that Furrow negligently failed to follow the standard of care required of nurses—to dispense medication to patients as prescribed by their physicians. Such allegations of merely negligent conduct by the nurse do not implicate any constitutionally protected right and are not actionable under § 1983.

Ball also sues the jail authority and jail superintendant, but does not state any facts whatsoever connecting these defendants or their policies to the medication incident. See Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 (1978) ("Local governing bodies . . . can be sued directly under §1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers"). In addition, the superintendant was lawfully entitled to rely on the nurse's medical judgment in matters related to Ball's course of medical treatment, Shakka v. Smith, 71 F.3d 162, 167 (4th Cir. 1995), and cannot be vicariously liable for the nurse's actions. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

For the stated reasons, the court summarily dismisses Ball's § 1983 claims without prejudice under § 1915A(b)(1) for failure to state a claim. Moreover, because Ball states no actionable § 1983 claim, the court declines to exercise supplemental jurisdiction over his related state law claims, see 28 U.S.C. § 1367(c)(3), and will summarily dismiss the entire case without prejudice. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 16th day of June, 2016.

*/s/ Glen Conrad*
Chief United States District Judge

4

Case 7:16-cv-00156-GEC-RSB   Document 10   Filed 06/16/16   Page 4 of 4   Pageid#: 43